TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00548-CR






Andre Martrell Myers, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 62365, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury convicted Andre Martrell Myers of the offense of harassment by a person in
a correctional facility. See Tex. Penal Code Ann. § 22.11 (West Supp. 2008). Punishment was
assessed at five years' imprisonment and a $2,000 fine. In a single point of error, Myers asserts that
the district court erred in allowing the State to proceed on an indictment that omitted an element of
the offense. We will affirm the judgment.

 The underlying facts in this case are not disputed on appeal. The jury heard evidence
that Darrell Guess, an attorney appointed to represent Myers in another case, went to the Bell County
Jail to visit his client. Guess testified that, during his initial interview, Myers became agitated and
knocked some papers off of the table at which they were sitting. Guess added that after he retrieved
the papers from the floor, Myers spit in his face.

 Myers was subsequently indicted for the offense of harassment by persons in certain
correctional facilities. The indictment alleged that on November 29, 2007, Myers,


did then and there, while confined in a correctional or detention facility, intentionally
and knowingly cause another person, to wit: Darrell Guess, to contact the saliva of
the said Andre Martrell Myers.



 The morning Myers's trial was set to begin, the State announced that it was not ready
to proceed. The State explained that, in preparing for trial, it had discovered that the indictment
was defective in that it did not allege all of the elements of the offense. Specifically, the indictment
omitted the statutory requirement that Myers committed the offense "with the intent to assault,
harass, or alarm" Guess. See id. § 22.11(a). The State informed the district court that it had
"prepared a motion to amend the indictment that has it now properly pled to be an offense." The
State added that, if the indictment was amended that morning, and if Myers waived any objection
to the amendment, the State would be ready to proceed to trial. When the district court asked
defense counsel if he was ready to proceed, defense counsel responded,


Your Honor, we're ready as the way the indictment is set out today. We would
object to the amendment of the indictment as it is not being proper and timely. If this
Court does grant the motion to amend the indictment, then we're not ready. We will
request our ten days.



The district court then granted the motion to amend the indictment and told the defense that
they would have additional time to prepare. However, before recessing, the prosecutor advised the
district court that "because it's an amendment as to substance, I don't believe we could amend it over
the objection of the defense so either they'll agree to our amendment or we'll re-indict it . . . ." After
further discussion on the matter, the prosecutor decided to re-indict. The record reflects that the
original indictment was not amended, nor was it dismissed.

 Approximately two months later, the case again proceeded to trial. The case had
been re-indicted in cause number 62,929. However, at the start of the proceedings, the district court
announced that it was taking up the case in cause number 62,365--the cause number of the original
indictment. Both parties announced ready without mentioning the discrepancy, and voir dire began.

 That afternoon, following a recess, the parties addressed the discrepancy. The
prosecutor explained that the State was ready to proceed on either cause number:


Judge, just to put it on the record, what happened in this case was the first case
that was indicted against Mr. Myers was 62,365, and that's for the offense of
harassment by a person in a correctional facility. That case was later re-indicted
in Cause Number 62,929; however, 62,365 was never dismissed. So that is still
properly on the court's docket.


The case, Your Honor, called this morning was 62,365. We are prepared and ready
to go on that should Your Honor want to, but we are also prepared to amend the
clerical mistake, the calling of the cause number, and we're prepared to proceed on
62,929. They are both the same offense, same date, same victim, and virtually the
entire same case. So we are ready.



Defense counsel, however, objected to proceeding on cause number 62,929:



We are prepared on 62,365. That's the case the State announced ready for. That's
the case that we started a jury on. As a matter of fact, we have completed voir dire. 
The jury has been impaneled. We are prepared to go to trial. Jeopardy has attached. 
We would request that the court continue on 62,365.



The district court decided to go forward on cause number 62,365. Neither party objected, and both
sides announced that they were ready to proceed.

 At the close of the State's evidence, Myers moved for a directed verdict or
dismissal because the indictment in cause number 62,365 did not track the statutory language of the
offense. This was the first time in the proceedings that Myers had objected to the indictment. The
district court denied the motion to dismiss.

 Myers called no witnesses in his defense, and both sides rested. The jury was
then charged on the elements of the offense as provided in the statute, including the mens rea
element that had been omitted from the indictment. (1) The jury found Myers guilty of the offense. 
This appeal followed.

 Myers's sole point of error is that the district court erred in allowing the State
to proceed on the defective indictment. The State argues that Myers failed to preserve error on
this issue. We agree. "If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may
not raise the objection on appeal or in any other postconviction proceeding." Tex. Code Crim. Proc.
Ann. art. 1.14(b) (West 2005); see Sanchez v. State, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003)
(explaining that "[t]he right to be charged by an instrument that is free of defects, errors, and
omissions" is "a forfeitable right" and any error in charging instrument must be objected to "before
trial"); Studer v. State, 799 S.W.2d 263, 268, 273 (holding that "a failure to allege an element of an
offense in an indictment or information is a defect of substance" that is waived by failure to make
pretrial objection).

 The record reflects that Myers did not object to the defective indictment at any
point prior to trial. The day the trial was first scheduled to begin, it was the State that brought
the defective indictment to the trial court's attention. However, when the State sought to amend
the indictment, Myers objected to the amendment and announced that "we're ready as the
way the indictment is set out today." The prosecutor then decided to re-indict and the trial was
postponed. When the rescheduled trial began, the district court announced that it was proceeding
on cause number 62,365, the defective indictment. Myers did not object and announced that he was
ready to proceed. The case proceeded to voir dire and the jury was impaneled. Prior to opening its
case in chief, the State alerted the district court that the court had called the wrong cause number and
offered to proceed on the correct cause number. However, Myers insisted on proceeding with the
original cause. It was not until after the State closed its evidence that Myers first objected to the
indictment. On this record, we conclude that Myers has failed to preserve error.

 We overrule Myers's sole point of error and affirm the judgment of the district court.


 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 13, 2009

Do Not Publish
1. Myers also objected to the jury charge on that basis. However, Myers does not argue this
issue on appeal.